NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 11-3682
_____

UNITED STATES OF AMERICA EX REL; RODNEY REPKO,

Rodney Repko,
            Appellant

v.

GUTHRIE CLINIC, P.C.; GUTHRIE HEALTHCARE SYSTEM, INC.;
ROBERT PACKER HOSPITAL; TERENCE DEVINE, M.D.; GUTHRIE HEALTH
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 3-04-cv-01556)
District Judge:  The Honorable James M. Munley

Submitted Under Third Circuit L.A.R. 34.1(a)
June 5, 2012

BEFORE:  SCIRICA, GREENAWAY, Jr., and NYGAARD, *Circuit Judges*


(Filed August 1, 2012)

_____

OPINION OF THE COURT
_____

NYGAARD, *Circuit Judge*

Rodney Repko appeals the dismissal of his *qui tam* suit against Guthrie Clinic, Guthrie Healthcare System, Robert Packer Hospital, Terence Devine, M.D., and Guthrie Health. Repko asserts violations of the False Claims Act. The District Court dismissed the suit. We will affirm.

Repko worked for Guthrie Clinic, and separately Guthrie Healthcare System, from 1982 through 1998.[1] Approximately four years after he separated from Guthrie, he stole two million dollars by taking out a loan and forging the names of Guthrie officials on the loan documents. Repko pleaded guilty to bank fraud. The plea agreement required Repko to cooperate by "providing information concerning the unlawful activities of others." After investigating the information that Repko provided about Guthrie entities, the Government determined that it was baseless.

Approximately three months after reaching the plea deal Repko filed this *qui tam* complaint against the Guthrie entities. The Government declined to intervene. The District Court unsealed the complaint and Repko elected to prosecute the case. In subsequent amended complaints, Repko alleged ten counts. Following the District Court's grant of the appellees' motion to dismiss, five counts remained, all rooted in the False Claims Act. Repko alleged that the Guthrie entities had financial relationships with one another, resulting in medical referrals between the entities that violated the Stark Act (42 U.S.C. § 1395nn) and Anti-Kickback Act (42 U.S.C. § 1320a-7b). He also alleged

---

[1] Repko worked as general counsel for Guthrie Clinic from 1982 to 1990 and was general counsel to the Clinic and Guthrie Healthcare System from 1990 to 1993. He became executive vice president and general counsel of the Clinic in 1994 and remained in these positions until 1997. He did some work for Guthrie in 1998, but ceased his association with any Guthrie entity in that same year.

that Guthrie employed a doctor who was excluded from the New York Medicaid program. All of this, according to Repko, resulted in appellees seeking Medicare and Medicaid payments while falsely certifying that they were in compliance with the law, in violation of the False Claims Act. Repko also raised a separate count of conspiracy arising from the same conduct.

Upon the appellees' second motion to dismiss, and cross motions for summary judgment, the District Court determined that it lacked subject matter jurisdiction over claims arising from the False Claims Act (holding that Repko's claims were based on publically disclosed information, and that Repko was not an "original source" under the False Claims Act).

The District Court is correct that it does not have jurisdiction over False Claims Act claims that are based upon publically disclosed information, unless "'the person bringing the action is an original source of the information.'" *United States ex rel. Mistick PBT v. Housing Authority of City of Pittsburgh,* 186 F.3d 376, 388 (3d Cir. 1999) (quoting 31 U.S.C. §3730(e)(4)(A)). We agree with the District Court's detailed analysis of the evidence in this case, and its conclusion that the websites and prior litigation it referenced constitute public disclosure of information on both the issues of financial assistance between Guthrie entities, and associated referral relationships. Repko's view that some of the disclosed information is vague or misleading—preventing the discovery of fraud—is unavailing. The District Court did not err by determining that the publically disclosed information could imply fraud. Additionally, the District Court correctly concluded that the publically disclosed information was substantially similar to Repko's

3

complaint.[2] *United States ex rel. Paranich v. Sorgnard,* 396 F.3d 326, 334 (3d Cir. 2005). Therefore, the District Court properly determined that his claims arising from the False Claims Act were based on publically disclosed information that created a jurisdictional bar.

Next, the District Court correctly decided that, since Repko initially provided the substance of his complaint to comply with the obligations of his plea agreement, he could not be regarded as an "original source." He gave this information only after he pleaded guilty to bank fraud, faced a substantial sentence, and bargained for a lower sentence. Repko's attempt to distinguish his plea agreement obligation to disclose information from the analogous duty to provide information under a subpoena is not persuasive. We agree with the District Court in this case that the plea agreement compelled Repko's disclosures. As a result, the District Court properly determined that it could not apply the "original source" exception, and that it did not have jurisdiction over Repko's False Claims Act claims.

Finally, though the District Court did not devote any specific analysis to the conspiracy claim, it did decide a necessary predicate for the conspiracy, ruling that it did not have jurisdiction over the False Claims Act claims. Lacking jurisdiction to determine the underlying claims, the District Court was not empowered to decide the conspiracy claim. Though not mandatory, it would have been preferable for the District Court to have made explicit mention of the conspiracy count in its opinion. Yet, the District

---

[2] We are not persuaded by Repko's argument that appellees' motion for a protective order estopped them from arguing that information was publically disclosed. Moreover, Repko's theory of relation back regarding the amended complaints is meritless.

Court's determination to grant the appellees' motion to dismiss—a motion that explicitly raised the conspiracy claim—was sufficient here to dispose of that claim in light of its thorough discussion of the False Claims Act claims on which the conspiracy was allegedly based.

For these reasons, we will affirm the order of the District Court.